UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

    Plaintiff,

                                       Case No. 23-cv-10024

v.                                     Hon. Matthew F. Leitman

KRISTIN MASON, *et al.*,

    Defendants.
_____/

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

Plaintiff Rico Menefee, a Michigan state prisoner confined at the Cooper Street Correctional Facility in Jackson, Michigan, brings this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Plaintiff sues ten Michigan Department of Corrections employees including: Healthcare Manager Kristin Mason, Healthcare Nurse Dian, Nurse Brown, Nurse Practitioner Parker, Unknown Lopeman, Healthcare Regional Manager John or Jane Doe, Facility Regional Manager John or Jane Doe, Quartermaster Staff Supervisor J. Rice, Quartermaster Staff Alice, and Law Librarian Technician Rose. Plaintiff alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights. Specifically, he brings claims involving deliberate indifference to a serious medical need, retaliation, denial of access to courts, and discrimination in violation of the

Equal Protection Clause. He also alleges that Defendants violated his rights under the ADA. He seeks compensatory and injunctive relief.

Upon initial screening, the Court concludes that Plaintiff has failed to state a claim against defendants Healthcare Regional Manager John or Jane Doe, Facility Regional Manager John or Jane Doe, and Quartermaster Staff Supervisor J. Rice. Plaintiff also fails to state an equal protection claim under the Fourteenth Amendment. Therefore, the Court dismisses those Defendants and the equal protection claim from the complaint.

# I

Plaintiff has been granted *in forma pauperis* status. (*See* Order, ECF No. 8.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused

by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II

First, Plaintiff's claims against Defendants Healthcare Regional Manager John or Jane Doe, Facility Regional Manager John or Jane Doe, and Quartermaster Staff Supervisor J. Rice fail as a matter of law because they are solely based upon the Defendants' supervisory roles over others. It is well-settled that liability under Section 1983 cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Therefore, the Court dismisses Healthcare Regional Manager John or Jane Doe, Facility Regional Manager John or Jane Doe, and Quartermaster Staff Supervisor J. Rice from the Complaint.

Second, Plaintiff fails to state an equal protection claim in his complaint. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. V. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "Fundamentally, the Clause protects against invidious discrimination among similarly-situated individuals or implicating fundamental

4

rights." *Scarbrough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

As the Sixth Circuit has explained, "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596-604 (6th Cir. 1998). Still, "prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state such a claim of racial discrimination under the Equal Protection Clause, a plaintiff must "allege that defendants treated a similarly situated…prisoner [of a different race] differently than they treated him." *LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013).

Plaintiff's equal protection claim fails because he has not alleged with any specificity how he was treated differently from others who are similarly situated. He also fails to allege any facts showing that defendants discriminated against him on the basis of his race. Conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state a claim upon which relief may be granted as to this issue.

5

III

Lastly, the Court finds that Plaintiff's claims against Healthcare Manager Kristin Mason, Healthcare Nurse Dian, Nurse Brown, Nurse Practitioner Parker, Unknown Lopeman, Quartermaster Staff Alice, and Law Librarian Technician Rose concerning deliberate indifference to a serious medical need, retaliation, and denial of access to courts are not subject to summary dismissal. However, nothing in this Order precludes Defendants from filing a motion to dismiss once they have been served with the Complaint.

IV

For the reasons stated, the Court **DISMISSES** defendants Healthcare Regional Manager John or Jane Doe, Facility Regional Manager John or Jane Doe, and Quartermaster Staff Supervisor J. Rice from this action, as there are no longer any valid pending claims against them.

The Court further concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his equal protection claim. Accordingly, the Court **DISMISSES** that claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The Court further concludes that Plaintiff's claims against Healthcare Manager Kristin Mason, Healthcare Nurse Dian, Nurse Brown, Nurse Practitioner Parker, Unknown Lopeman, Quartermaster Staff Alice, and Law Librarian

Technician Rose concerning deliberate indifference to a serious medical need, retaliation, and denial of access to courts survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 26, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126