UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICO MENEFEE, | Case No. 2:23-cv-10024 |
| *Plaintiff,* | Matthew F. Leitman<br>United States District Judge |
| v. | |
| MICHIGAN DEPARTMENT OF CORRECTIONS, KRISTIN MASON, DIANE CANTERBURY-MILLER, KRISTEN BROWN, AMBER PARKER, ALLISON LOPEMAN, JOSH ALLEN, and BARBARA ROSE, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 55)

### I. RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **DENY** Rico Menefee's motion for a preliminary injunction (ECF No. 55).

### II. REPORT

#### A. Background

Plaintiff Rico Menefee, a prisoner in the custody of the Michigan Department of Corrections, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several defendants alleging violation of his First, Eighth, and Fourteenth

1

Amendment rights. (ECF No.1). Specifically his claims include allegations of deliberate indifference to a serious medical need, retaliation, denial of access to courts, and discrimination in violation of the Equal Protection Clause. (*Id.*). He also alleges violation of his rights under the Americans with Disabilities Act. (*Id.*). The Court *sua sponte* dismissed Plaintiff's equal protection claim along with several defendants in the case. (ECF No. 9, PageID.68).

On February 27, 2024, Plaintiff filed a motion for preliminary injunction requesting that the Court compel Defendants "to provide efficient, immediate medical treatment by specialist in the field of their expertise for all of [Plaintiff's] existing medical conditions. . ." including treatment for his knees, feet, stomach issues, and diabetes. (ECF No. 55, PageID.328). Plaintiff was paroled the day he filed his motion. (ECF No. 61-1, PageID.404).

### B. Legal Standard

In the Sixth Circuit, when considering whether to issue a preliminary injunction courts are to consider four factors:

(1) whether the plaintiff has a strong likelihood of success on the merits;

(2) whether [the Plaintiff] would suffer irreparable harm if preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to [others]; and

2

(4) whether the public interest would be served by the issuance of a preliminary injunctive order.

*Great Lakes Home Health Servs. v. Crissman*, No. 15-CV-11053, 2015 WL 6667772, at *3 (E.D. Mich. Nov. 2, 2015) (quoting *Sandison v. Michigan High School Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995)). "These four considerations are 'factors' to be balanced, not prerequisites that must be met.'" *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citation omitted). Preliminary injunctions are "extraordinary and drastic" remedies which are not awarded as of right. *Beckerich v. St. Elizabeth Med. Ctr.*, 563 F. Supp. 3d 633, 638 (E.D. Ky. 2021). The proof required to obtain a preliminary injunction is "much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

C. Analysis

It is not necessary for the Court to address each of the preliminary injunction factors, as Plaintiff's motion is moot. In his motion, Plaintiff sought the Court's assistance in compelling Defendants "to provide efficient, immediate medical treatment by specialist in the field of their expertise for all of [Plaintiff's] existing medical conditions. . ." including treatment for his knees, feet, stomach issues, and diabetes. (ECF No. 55, PageID.328). However, Plaintiff was paroled on February

27, 2024, the same day his motion was filed, and is no longer in MDOC custody. (ECF No. 61-1, PageID.404). Because he is no longer in MDOC custody, his requests to compel the MDOC, its staff, or its medical providers to render any type of treatment have been rendered moot, and he cannot prove that he will suffer irreparable injury without the injunction. *Jones v. Prison Health Servs.*, No. 11-CV-12134, 2011 WL 5039893, at *2 (E.D. Mich. Aug. 5, 2011); *Rogers v. Ryan*, No. 16-12735, 2017 WL 5150884, at *1 (E.D. Mich. Nov. 7, 2017).

### D. Conclusion

For these reasons, **I RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction (ECF No. 55).

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

4

others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 13, 2024

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

5