UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

    Plaintiff,

v.

Case No. 23-cv-10024
Hon. Matthew F. Leitman

KRISTIN MASON, *et al.*,

    Defendants.

_____/

### ORDER (1) SUSTAINING DEFENDANT AMBER PARKER'S OBJECTIONS (ECF 77) TO REPORT AND RECOMMENDATION (ECF No. 76) AND (2) GRANTING PARKER'S MOTION FOR SUMMARY JUDGMENT (ECF No. 51)

Plaintiff Rico Menefee is a former Michigan state prisoner who at all relevant times was in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Menefee claims that several MDOC employees violated his First, Eighth, and Fourteenth Amendment rights and were deliberately indifferent to his serious medical needs. (*See* Compl., ECF No. 1.) One of the Defendants Menefee brings claims against is Amber Parker, a nurse practitioner who treated inmates at the Cooper Street Correctional Facility where Menefee was incarcerated. On February 22, 2024, Parker moved for summary judgment on the basis that Menefee had failed to exhaust his administrative remedies against her. (*See* Mot., ECF No. 51.) The Court referred the motion to the assigned Magistrate Judge. On June 17,

2024, the Magistrate Judge issued a report and recommendation in which she recommended that the Court deny Parker's motion (the "R&R"). (*See* R&R, ECF No. 76.)  Parker has now filed objections to the R&R. (*See* Objections, ECF No. 77.)  For the reasons explained below, the objections are **SUSTAINED** and Parker's motion for summary judgment is **GRANTED**.

I

Menefee filed a Verified Complaint against Parker and others on January 3, 2023.[1] (*See* Compl., ECF No. 1.)  Relevant here, Menefee alleges that Parker (1) conspired with other MDOC employees to cover up the removal of his walking cane and (2) refused to address his medical concerns:

> In addition to refusal to address most of my medical concerns such as my knee injury; diabetes; feet; stomach and all of my medical issues on 12-14-22 [Parker] aided and abided defendants nurse diane and nurse brown as to cover up their action in them removing my walking cane with out authorization from me or the doctor who ordered my cane on 12-14-22 the defendant Parker stated I gave them permission to take your walking cane.
>
> Yet; nurse parker never spoke with me; never examined me[;] did not contact the doctor who ordered the cane to see how she felt about a nurse interfering with my medical treatment.  The only thing that [Parker] cared about [was] protecting herself and the defendants nurse brown and diane in a cover up.

---

[1] While Menefee did not use the phrase "Verified Complaint" in the title of his pleading, he did include a notarized "sworn affidavit" that averred that the allegations he made were "true, correct, and complete to the best of [his] knowledge." (Compl., ECF No. 1, PageID.24.)

2

(*Id.*, PageID.9.)

Parker moved for summary judgment on February 22, 2024. (*See* Mot. ECF No. 51.) In that motion, Parker argued that Menefee could not proceed with his claims against her because he failed to exhaust his claims through the MDOC's internal grievance procedures. (*See id.*) Menefee filed a two-page response to Parker's motion on March 14, 2024. (*See* Resp., ECF No. 60.) In that response, Menefee did not specifically address any of Parker's arguments. (*See id.*)

On June 17, 2024, the Magistrate Judge issued the R&R. (*See* R&R, ECF No. 76.) In the R&R, the Magistrate Judge recommended denying Parker's motion on the basis that one of the grievances Menefee had filed – Grievance JCS-22-11-0933-12z – "satisf[ied] the exhaustion requirement as to [] Parker." (*Id.*, PageID.675.)

Parker filed objections to the R&R on July 1, 2024. (*See* Objections, ECF No. 77.) Her objections are discussed in more detail below. Menefee did not file any response to Parker's objections.

## II

The Court has carefully reviewed Parker's objections to the R&R and **SUSTAINS** them. In her objections, as in her motion for summary judgment, Parker argues Menefee failed to exhaust his claims against her. The Court agrees. On this record, there is no question of fact as to whether any of Menefee's grievances

3

exhausted any of the claims he brought against Parker in the Complaint. They did not.

In her motion for summary judgment, Parker identified six grievances that Menefee completed through all three steps of the MDOC's internal grievance procedure:

- Grievance JCS-22-11-0933-12z ("Grievance 0933");
- Grievance JCS-22-11-0938-17Z ("Grievance 0938");
- Grievance JCS-22-12-1017-12Z ("Grievance 1017");
- Grievance JCS-22-12-1030-28e ("Grievance 1030");
- Grievance JCS 23-03-222-122 ("Grievance 022"); and
- Grievance JCS-23-09-621-12z ("Grievance 0621").

The Court begins with Grievance 0933. Menefee filed Grievance 0933 on November 8, 2022. In Grievance 0933, Menefee claimed as follows:

> On 11-4-22 I was told by a health care staff that he or she order the removal of my walking cane. I never met this person, nor do[es] this person know anything about my medical history or health care[. The person] refused to give me anything or reason why this unknown Dr. ordered the removal of my walking cane. I believe it was nothing more than racial discrimination and retaliation for grievances written against food service and various staff members; I am diabetic with damaged ligaments in left feet etc. The walking cane need[s] to be returned as soon as possible.

4

(Grievance 0933, ECF No. 51-1, PageID.274.)[2]

Grievance 0933 does not exhaust either of Menefee's claims against Parker. First, Grievance 0933 did not exhaust Menefee's claim that Parker "refus[ed] to address most of [his] medical concerns such as [his] my knee injury; diabetes; feet; stomach and all of [his] medical issues" (Compl., ECF No. 1, PageID.9) because that grievance does not relate to Parker's alleged failure to provide medical care for any of those ailments. Instead, the grievance relates only to the removal of his walking cane.

Second, Grievance 0933 did not exhaust Menefee's claim against Parker arising out of the removal of his cane. As described above, in his Verified Complaint, Menefee says that Parker "cover[ed] up" the actions of other Defendants to remove his walking cane on "12-14-22." (Compl., ECF No. 1, PageID.9.) But Parker filed Grievance 0933 more than a month earlier, on November 8, 2022. (*See* Grievance Log, ECF No. 51-1, PageID.223; Grievance 0933, ECF No. 51-1, PageID.274.) Thus, because Grievance 0933 was filed more than a month before the conduct Parker allegedly engaged in, that grievance cannot exhaust claims arising out of that conduct. Finally, Menefee has had several opportunities to attempt to reconcile this inconsistency and explain to the Court how Grievance 0933 possibly could have

---

[2] While Grievance 0933 does not specifically identify Parker by name, Parker acknowledges that the "health care staff" person Menefee referred to in this grievance is her. (*See* Mot., ECF No. 51, PageID.208.)

5

exhausted his claim against Parker, and he has failed to do so. Menefee did not address this argument in his response to Parker's summary judgment motion, nor did Menefee file any response to Parker's objections to the R&R, much less a response that could explain how a grievance filed in November 2022 could have exhausted a claim against Parker that he alleged in his Verified Complaint did not arise until December 2022. The Court will hold Menefee to the allegations that he made in his Verified Complaint, and based on those allegations, the Court cannot conclude that Grievance 0933 exhausted Menefee's claims against Parker.

The Court next turns to Grievance 222. Menefee filed Grievance 222 on March 24, 2023. (*See* Grievance 222, ECF No. 51-1, PageID.253.) In Grievance 222, Menefee complained that the MDOC had failed to remove Parker as a person providing him medical care even though he (1) had filed this legal action against her and (2) believed that she was wrongfully sharing his confidential medical information with other MDOC staff members:

> On more than one occasion I spoke with health care staff and requested that Ms. Parker the nurse practitioner be removed from my case for violation of several state and federal laws. [S]he continue[s] to share information about my medical [conditions] with unauthorized staff members including involving health care nurses in decisions about my medical needs without my consent and without me being present. Staff stated that if I don't see her I will not be seen by anyone else for my diabetes or chronic care visits and that health care will write me off as a no show. This staff member don't have my best interest at heart and her involvement in my medical care is a conflict of interest

6

>>and in addition there is currently pending litigation against this person.

(*Id.*)

Grievance 222 did not exhaust Menefee's claims against Parker in this action. Menefee has not brought any claim against Parker arising out of her alleged wrongful dissemination of his medical information as described in Grievance 222. Instead, as described above, Menefee brings only two claims against Parker: (1) she refused to provide him medical care and (2) she was involved in a cover-up in December 2022 related to the removal of his walking cane. Grievance 222 does not relate to either of those claims. Thus, Grievance 222 could not have exhausted those claims.

Finally, none of Menefee's other grievances (Grievances 0938, 1017, 1030, and 0621) exhausted his claims against Parker because none of those Grievances named Parker (either specifically or by reasonable implication). "At Step I of MDOC's grievance policy, a prisoner must include the names of all those involved in the issue being grieved." *Kitchen v. Snyder*, 2021 WL 4470032, at *4 (6th Cir. June 23, 2021) (internal quotation marks omitted) (affirming dismissal of claim against defendant based on failure to exhaust because prisoner had failed to name defendant in his grievance). Because Menefee did not name Parker in Grievances 0938, 1017, 1030, or 0621, none of those grievances could exhaust the claims brought against her in the Complaint. *See, e.g., Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009) (affirming dismissal of defendants not named in plaintiff's

7

grievance); *Peoples v. Bauman*, 2017 WL 7050280, at *4 (6th Cir. Sept. 5, 2017) (holding that because plaintiff "failed to name [specific defendants] in [a] grievance, he failed to exhaust his claims against them").

Because Menefee failed to exhaust his administrative remedies against Parker before filing this action, the Court will grant Parker's motion for summary judgment.

### III

For the reasons explained above, Parker's objections (ECF No. 77) to the R&R are sustained, her motion for summary judgment (ECF No. 51) is **GRANTED**, and the claims against her are **DISMISSED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126